LITTLE
ROCK,    | 1    63|
Jan'y 1838. | 55  285|

SMITH  | 1    63|
vs.    | 70  347|
CLARK.

SMITH, USE OF HARTFIELD *against* CLARK.

ERROR *from Sevier Circuit Court.*

In action of debt, or in Scire Facias on a recognizance of bail, by bill, and in debt on a judgment of record, the venue is *local*, and must be laid in the county where the record is.

The plaintiff in error in this case obtained judgment against the defendant in error in the Hempstead Circuit Court, on the 23d day of July, 1823, for $1487 95½ cts. debt and costs: and brought his action of debt on this judment, against the defendant, in the Sevier Circuit Court, to the October term, 1834.    To his declaration the defendant demurred, on the ground that the venue in an action of debt upon a judgment is *local*, and the action should be brought in the county where the judgment was rendered.    The demurrer being sustained, final judgment went thereupon against the plaintiff in error.

FOWLER and HUBBARD, for the plaintiff in error:  By our statute, no person is liable to be sued out of the county in which he resides, unless the plaintiff shall reside in the county where the defendant may be found at the time of the service of the process. *Steele's Digest*, title *Judicial Proceedings*, sec. 16.    At common law, if the plaintiff did not sue execution within a year and a day after judgment, he could not have his *scire facias*, but was put to his action of debt on the judgment.   See 2 *Saun. Rep.* 6, (1);  *Tidd's Practice*, vol. 2, p. 1000; *Statute Westminster* 2d (13th *Edw'd* 1) *c.* 45, gives the *scire facias* after a year and day; this remedy is cumulative, and does not take away the remedy by action, and both obtain here.    See 2d vol. *Tidd*, p. 1001; 2 *B. Com.* 431.    Our statute contemplates actions of debt founded on judgment in the broadest terms.    See *Steele's Digest* title *Judicial Proceedings*, sec. 12.    A *scire facias* is in contemplation of law an action, and in effect an original writ, and by necessary implication embraced by our statute.   See 2 *Saunders Reports* p. 71; *Steele's Digest*, title *Judicial Proceedings*, sec. 12 and 16;  *Bentley's Ex'rs.* vs. *Sevier*, decided in this court July term, 1834, and *Simmerman* vs. *Cross*.    Then if I am sustained by authority that *scire facias* is an action, and a proceeding by original under our statute, the consequence must follow that the action must be governed by the

LITTLE
ROCK,
Jan'y 1838.

SMITH
vs.
CLARK.

same rules as other actions, as well in relation to the service of process as the pleadings. Therefore the plaintiff is bound by the same rules as in other actions, (and it is concluded he is,) he would be remediless should the defendant not come into the county where the plaintiff resides. If the action of debt founded on the judgment of a court of the Territory, other than the county in which the defendant resides, a consequence which cannot be reasonably deduced, giving to our statutes a rational and sound construction. Again, if I am sustained by authority in the position that the proceeding by *scire facias* is an action and an original proceeding, to sustain a recovery by such proceeding there must be personal service of process, or the recovery would be void. See the cases cited in (*note*) 1st vol. *Starkie on Evidence*, p. 215; also the opinion of WASHINGTON, *Justice*, in 1st *Peters' Rep.* 74. For the above reason it is clear that the plaintiff was not compelled to resort to his remedy by *scire focias*. That debt lies in any county where the defendant resides, founded on a recovery in another county, and that the action in this case was well brought and that the judgment of the Circuit Court ought to be reversed.

TRAPNALL and COCKE, *contra:* The only question in this record is, is the venue in action of debt on a judgment, local? The authorities are ample. See 1st *Chitty*, 242; 2 *Johnson's Cases*, 381; 2 *Saunders*, 755, marg. 608; *Tidd*, 1175.

The declaration is debt on a judgment of the Circuit Court of Hempstead. The venue is laid in Sevier county. The defendant demurred upon the ground that the venue was local. The court sustained the demurrer, and the plaintiff brought up the cause.

The principle that in an action of debt on a judgment or a *scire facias*, the venue is local, and must be laid in the county where the judgment was obtained, is without an exception.

LACY, *Judge*, delivered the opinion of the court: This is an action of debt brought by the plaintiff in error against the defendant, in the *Sevier* Circuit Court, on a judgment rendered in favor of *James Smith*, against *James Clark*, in the *Hempstead* Circuit Court. The defendant filed a demurrer to the plaintiff's declaration, which was sustained by the court below; and this writ of error is sued out to reverse that judgment.

There is but one point in the case, and that is, was the venue well laid in the plaintiff's declaration? In all cases, the venue is either

local or transitory, and if it is laid improperly it furnishes good ground for a demurrer, or may be taken advantage of on the trial upon the general issue, by way of nonsuit. See 1 *Chitty's Pl.* 241; 1 *Wils.* 165; *Cowper*, 410; 1 *Tidd*, 367.

Where the cause of action could only have arisen in a particular county, the venue is local, and could only be laid in that county. Such are all real and mixed actions, as the actions of ejectment and *quave clausum fregit.* In general, where the cause of action is founded upon contract, or where the injuries affect personal rights or personal property, the venue is transitory, and may be laid in any county they may select: such as actions of assault and battery, false imprisonment, libel, or actions on the case, or trespass for damages to personal property. The authorities are conclusive upon the point that in action of debt, or in *scire facias* on a recognizance of bail by bill, and in action of debt on a judgment of record, the venue is local, and must be laid in the county where the record is. The reason assigned is, that the judgment constitutes a new contract between the parties, and the plaintiff must count upon the record, by which it will appear that the cause of action arose in the county where the judgment was obtained. See 2 *Salk.* 564; 7th *Mod.* 120; *Barnes* vs. *Kenyon*, 2 *Johnson's Cases*, 381.

In the case now under consideration, the judgment recovered by *Smith* against *Clark*, in the Hempstead Circuit Court, formed a new contract, and as that judgment could not be brought up to the Sevier Circuit Court, the venue must be local, and the demurrer rightly sustained.

The judgment below must therefore be affirmed, with costs.