Little Rock & F. S. R. R. Co. v. Clifton, et al.

| | |
|---|---|
| 38 | 205 |
| 55 | 282 |
| 38 | 205 |
| f67 | 513 |
| 38 | 205 |
| 70 | 347 |
| 38 | 205 |
| 72 | 377 |
| j72 | 379 |
| 38 | 205 |
| f80 | 271 |

LITTLE ROCK & F. S. R. R. CO. v. CLIFTON, ET AL.

1.  JURISDICTON : *For killing stock by R. R., local.*
    By statute, an action against a railroad company for killing or wounding stock by its trains, must be brought in the county in which the injury occurs.

2.  STATUTE : *Construction, Rule of.*
    A statute is to be so construed, if possible, as to give sense and meaning to every part; and it is a rule of construction that the expression of one thing sometimes implies the exclusion of another.

APPEAL from *Faulkner* Circuit Court.
Hon. J. W. MARTIN, Circuit Judge.

### STATEMENT.

Clifton and Pace recovered judgment against the appellant before a justice of the peace, in Faulkner county, for $35.00, for negligently killing two oxen in the running of their train. The defendant appealed to the Circuit Court,.

and on the trial there, it was proved, among other things, and admitted by the parties, that the killing occurred in Pulaski county.

The defendant asked, among others, the following instructions:

2. "That it devolves upon the plaintiffs to prove that the injury complained of occurred in Faulkner county, and if the jury find that it occurred in any other county than Faulkner, they will find for the defendant."

This instruction was refused. There were verdict and judgment for the plaintiffs, and the defendant has brought the case here by appeal.

*Clark & Williams*, for appellant:

The injury took place in Pulaski county, and the court had no jurisdiction. All suits for damage to stock shall be brought in the county where the injury occurs. *Act. Feb. 3d*, 1875; *Acts* 1875, *sec.* 4, *p.* 133.

HARRISON, J. It was agreed upon the trial, and there was also direct and positive evidence of the fact, that the injury for which the suit was brought occurred in Pulaski county. *Section 4 of the act of February* 3, 1875, in relation to the killing or wounding of stock by railroads is as follows: "*Sec.* 4. Any person who owns stock as aforesaid, in his own right, or who has a special ownership therein, having any such horses, mules, cattle, or other stock, killed or wounded by any railroad train running in the State, may sue the company running such train for the damages sustained by such killing or wounding, in any court having jurisdiction of the amount of damages *in the county where the killing or wounding occurred*, at any time within twelve months after the killing or wounding occurred, and recover

;such damages as the court or jury trying the case may ·assess.''

Though the statute does not in express terms restrict the ;suit or action, which would otherwise be transitory, to the ·county in which the injury occurred, such is its evident meaning and intention ; for if it were not, the provision as ·to bringing the suit in that county, would be useless and meaningless. A statute is to be so construed, if possible, to give sense and meaning to every part, and it is a rule of ·construction that the expression of one thing sometimes implies the exclusion of another. *Watkins* v. *Wassell*, 20 *Ark.*, 410. The second instruction asked for by the defend-·ant should therefore have been given.

It is unnecessary to consider any other of the exceptions ·reserved by defendant.

The judgment is reversed and the cause remanded for ·further proceedings.