LITTLE ROCK & FT. SMITH RAILWAY COMPANY *v.* DANIELS.

Opinion delivered May 5, 1900.

1. RAILROAD—STOCK KILLING—LIABILITY OF LESSOR.—Under Sand. & H. Dig., §§ 6321, 6338, empowering a railroad company to lease its road, with all the property, rights, privileges and franchises thereto pertaining, a railroad company which has leased its road to another company is not liable for stock killed by the latter's train. (Page 174.)

2. SAME—LIABILITY FOR DAMAGES.—Under Sand. & H. Dig., § 6349, providing that "all railroads which are now or may be hereafter built or operated in whole or in part in this state shall be responsible for all damages to persons and property done or caused by the running of trains in this state," one who has obtained a judgment against the lessee of a railroad can enforce payment by seizure and sale of the road itself. (Page 175.)

3. LEASED RAILROAD—PARTIES TO ACTION AGAINST.—In an action against the lessor of a railroad to subject the road to seizure and sale to satisfy a judgment for damages caused by the running of a train, both the lessor and lessee have interests in the road, and should be made parties. (Page 177.)

Appeal from Crawford Circuit Court.

JEPHTHA H. EVANS, Judge.

*Dodge & Johnson,* and *Oscar L. Miles,* for appellant.

The leasing of the road of appellant company was authorized by statute. Sand. & H. Dig., § 6338. The rule of liability for injuries, in cases where one railroad company leases the line of another, is that the lessee company is liable for all those injuries occasioned by the negligent operation of the road while under its control; and the lessor company, for all those injuries which flow from the negligent original construction of the line. 7 Am. & Eng. R. Cas. 656; Patt. Ry. Acc. Law, §§ 130, 131; Hutch. Carriers, § 575; Wood, Rys. § 400; Pierce, Rys. § 283; Elliott, Railroads, § 467, *et seq.;* 28 Kas. 622; 80 Me. 62; S. C. 12 Atl. 797; 57 Fed. 165. If the lease had not been legally authorized, appellant would have been liable as the principal of the lessee. 57 Fed. 165; 101 U. S. 83; 17 How. 30; 17 Wall. 445; 88 Tenn. 138; S. C. 12 S. W. 537; 20 Ill. 623; 68 Tex. 50, S. C. 3 S. W. 457; 26 Vt. 717. The language used in section 1 of the act of February 3, 1875, and in section 12, article 7, of the constitution—that "all railroads which are now or may be hereafter built and operated in whole or in part in this state shall be responsible for all damages to persons and property done or caused by the running of trains in this state"—was never intended to make all railroad companies liable for all damages to persons and property, which were the result of negligence on the part of the company (such liability already existing); but it was intended to fix a lien on the franchise and property held thereunder for all damages to persons and property for which the law made the company liable, to the end that the person damaged, having fixed a liability on the company for such damages, might not be defeated of his recovery by any selling, leasing or conveying of such franchise and property. A literal construction will be given to constitutional provisions, unless it would lead to absurdity. 10 Minn. 107; 7 Ind. 44. A state constitution should be construed according to the sense of the terms used (9 Ark. 270); and with a view to giving effect to the whole of its every pro-

vision (4 Ark. 18–32; 26 Ark. 281–6); and in the light of its obvious sense and spirit. 52 Ark. 339; 60 Ark. 343. There is nothing in 33 Ark. 816 inconsistent with the construction contended for by appellant. Nor are decisions in 65 Ark. 235 and 63 Ark. 636 necessarily in conflict with it. These decisions are explicable on grounds of public policy (41 Ark. 161; 49 Ark. 535), and on the law of invitation (63 Ark. 636.)

*J. E. Cravens*, for appellee:

A railroad company, being a *quasi* public corporation, can not enter into any contract whereby it is to be released from any of its obligations to the public. 19 Am. & Eng. Enc. Law, 816. It owes the public the duty of careful management of its road, and is liable for failure therein. Upon the principle involved, see: 80 N. Y. 27; 20 Ill. 623; 26 Vt. 717; 49 Ga. 355; 17 Wall. 445; 5 Wall. 90.

BATTLE, J.    A. E. Daniels commenced an action against the Little Rock & Fort Smith Railway Company, before a justice of the peace of Crawford county, to recover damages caused by the killing of his cow. He recovered a judgment, and the defendant appealed to the Crawford circuit court, and he recovered judgment against the company in the latter court for thirty five dollars.

The issues in the case were tried, and the judgment was recovered, upon the following agreed statements of facts: "It is agreed that the Little Rock & Fort Smith Railway is a railway corporation, organized under the laws of the state of Arkansas, and that the Little Rock & Fort Smith Railway owns a line of railroad extending from Little Rock, Ark., to Fort Smith, Ark., and through Crawford county; that the animal herein sued for was killed by the operation of a train on the line of said road, under such circumstances as to make the company operating the train liable to plaintiff for the amount sued for. That the St. Louis, Iron Mountain & Southern Railway is a corporation organized under the laws of the state of Arkansas, and that it owns various lines of railroad in the state of Arkansas; that on the 1st day of January, 1890, the

Little Rock & Fort Smith Railway leased its aforesaid line of road regularly and lawfully to the St. Louis, Iron Mountain & Southern Railway Company for the term of fifty years. * * * It is admitted that since the 1st day January, 1890, the St. Louis, Iron Mountain & Southern Railway Company has operated the lines of railroad known as the Little Rock & Fort Smith Railway, and was so operating it at the time of the injury herein complained of, and that the train and engine which caused the injury herein complained of was operated by the employees of the said St. Louis, Iron Mountain & Southern Railway Company. It is admitted that the Little Rock & Fort Smith Railway corporation is still in existence, but has not been engaged in operating its line of road since the aforesaid 1st day of January, 1890; that the animal killed was the property of the plaintiff, and of the value sued for."

According to this statement of facts, the judgment was improperly rendered against the Little Rock & Fort Smith Railway Company. That company was empowered by the statutes of this state to lease its road, with all the property, rights, privileges and franchises thereto pertaining. Sandels & Hill's Digest, secs. 6321, 6338. In the exercise of this power, it leased to the St. Louis, Iron Mountain & Southern Railway Company its railway, extending from its terminal point in the town of Argenta, to Fort Smith, in this state, together with all the branch roads and sidings, depots, stations, buildings, equipments, machine and other shops, machinery, tools, appurtenances, and property, real and personal, to the demised road belonging and appertaining. After this it was not responsible for injuries caused by the negligence of its lessee in the operation of trains on its railway, or in the omission of any statutory duty connected with the management of the road— matters over which it had no control. We are aware that there is a wide diversity of opinion upon this subject. But we think that the weight of authority and reason sustain the view we have expressed. In granting the authority to lease, the statutes empowered it to transfer the possession and control of the demised property, together with the duty of operating the road, to the lessee, to the exclusion of the lessor; and this

transfer carried with it to the lessee the responsibility for injuries caused by its negligence in the discharge of such duty, and exonerates the lessor from the same. The authorities which hold to the contrary do so upon the ground that the legislature must expressly exempt the lessor from responsibility, in order to exonorate him from liability. They concede that the legislature may by express enactment exonerate the lessor, and, in the absence of such enactment, they limit the effect of the lease when the legislature or the parties have not done so. They grant the right to a railway company to relinquish control of its railroad under the authority vested in it by the statute to lease, but hold that it is still liable for the injuries caused by negligence in the exercise of such control, unless the statute expressly exempts them from such liability on account of the lease. They tacitly assume "that, in granting authority to lease, the legislature granted something less than an authority to lease. We believe that the only theory that can be defended on principle is that, in granting authority to execute a lease, the legislature conferred authority to execute an effective instrument, with all the qualities and incidents with which the law invests a lease. If this be true, then the lease does transfer possession and control from one party to the other for the term of the lease, and the rights and obligations of the parties are such, and such only, as the law annexes to the relation of lessor and lessee. For negligence in managing and using the demised premises the lessor is not responsible." *Railway Co.* v. *Curl*, 28 Kas. 622; *Nugent* v. *Railroad Co.*, 80 Me. 62; *Arrowsmith* v. *Railroad Co.*, 57 Fed. Rep. 165; Elliott on Railroads, § 469, and cases cited.

While the lease of a railway relieves the lessor from liability for injuries caused by the negligence of the lessee in operating it, the railway is responsible for the damages resulting from such injuries to persons or property. The constitution of this state declares: "All railroads which are now or may be hereafter built and operated, either in whole or in part, in this state shall be responsible for all damages to persons and property, under such regulations as may be prescribed by the general assembly." Section 12, article 17, of the constitution

of 1874. The statute of this state enacted for the purpose of carrying into effect this section of the constitution provides: "All railroads which are now or may be hereafter built and operated in whole or in part in this state shall be responsible for all damages to persons and property done or caused by the running of trains in this state." Sandels & Hill's Digest, § 6349. The word "railroads," used in the constitution, does not mean railroad corporations or companies, but the railroad owned or operated by them. The words "built and operated in whole or in part," used in connection therewith, show that such is its meaning. Corporations and companies are not built in part. They never become corporations and companies in part in one state or in different states. They are organized under the laws of one state, and not under the laws of two or more, and they are not built. The object of the constitution and the statutes was to subject the railroad, the property itself, whether it be operated by the owner or another, to liability for all damages to persons and property done or caused by the running of trains, for which the law made the company operating it at the time of the injury liable, to the end that the person damaged might not be defeated in the recovery of his damages by any selling, leasing or conveying the road. If this was not so, "a corporation might own a fully equipped railroad, it might convey the road and the property used upon it and with it to a lessee corporation owning no property whatsoever, and leave the conduct and operation of its property entirely to the lessee. A judgment creditor seeking to make good his claim against the operating company would find no property owned by it upon which it could levy. To prevent this and many other such evasions as might be instanced, the constitutional provision in question was adopted. So far as the case at bar is concerned, it can have but this application, and no more. It would enable the plaintiff injured by the negligence of his employer, the lessee, to make good his judgment, under appropriate procedure, out of the leased property; but it would not operate to give the plaintiff * * * a right of action against the lessor company." *Lee* v. *Southern Pacific Railroad Company*, 7 Am. & Eng. R. Cases (N. S.), 656.

The sections of the constitution and statutes in question have been construed in part by this court in other cases. In *Little Rock & Fort Smith Railway Company* v. *Payne*, 33 Ark. 816, this court held that, under these sections, railroads were responsible for injuries and killings done or caused by the running of trains in a negligent manner, and for no others, and that, the injury or killing by the running of a train being shown, the presumption is that it was caused by the negligence of the company operating the train which caused the injury or killing, and that the burden was upon the company to prove the contrary. Under these sections the company has been held liable only for such injuries and killings, and it has been held, in actions against the company on account thereof, that the presumption is that the same were the result of negligence, until the contrary is shown. This necessarily follows, because the object of the statute is to subject the railroad to the same liability for damages on account of such injuries and killings as the company whose negligence caused them is, and because the presumption as to negligence applies only to the company which operated the train causing the injury or killing; the railroad, an inanimate thing, being incapable of negligence.

In an action to subject the Little Rock & Fort Smith railroad to seizure and sale to satisfy a judgment for damages in in this case, the lessor and lessee, the Little Rock & Fort Smith Railway Company and the St. Louis, Iron Mountain & Southern Railway Company should be made parties defendants. Both have interests in the road liable to be affected by the sale of the road, and both should be made parties for the purpose of giving them an opportunity to protect the same, if they can.

The judgment of the circuit court is therefore reversed, and the cause is remanded for proceedings consistent with this opinion.