LITTLE ROCK & FORT SMITH RAILWAY COMPANY *v.* JAMISON.

Opinion delivered April 19, 1902.

VENUE—STOCK-KILLING CASE.—An action for stock killed by a railroad train must be brought in the county in which the animal was killed.

Appeal from Conway Circuit Court.

WILLIAM L. MOOSE, Judge.

Reversed.

*Dodge & Johnson,* for appellant.

The venue was not proved. Sand. & H. Dig., § 6322; 38 Ark. 205; 55 Ark. 282.

*Charles C. Reid,* for appellee.

A judgment by default cures omission to prove venue. 4 Ark. 210; 17 Ark. 39. The appellate court took same jurisdiction on the same pleadings as the lower court. 37 Ark. 580; 46 Ark. 132. The question of venue should have been raised by demurrer.

4 Ark. 210; 1 Ark. 63; 55 Ark. 285; 63 Ark. 512. The question of venue was thereby waived. 34 Ark. 399; 55 Ark. 213; 46 Ark. 96. A general exception is not sufficient. 102 N. C. 1; 22 Am. & Eng. Enc. Law, 473; 19 Kan. 478; 46 Mich. 432. When complaint failed to state a cause of action, appellant should have moved in arrest of judgment. 66 Ark. 440; 38 Ark. 399. Jurisdiction is presumed unless the contrary is shown. 1 Smith, Lead. Cas. (6th Am. Ed.) 991, 1003, 1021, 1025; 2 Ark. 14; 38 Ark. 399; 55 Ark. 285; Elliott, Appeals, § 718; 63 Ark. 509. The appellant company was liable. 56 S. W. 379; 13 Ark. 461; 62 Ark. 354. The instructions are not in the record, and are presumed to have been proper. 31 Ark. 196; 21 Ark. 571. The finding of the jury will not be disturbed by the court. 42 Ark. 310; 43 Ark. 99; 26 Ark. 360; 23 Ark. 50; 25 Ark. 11.

WOOD, J. Appellee sued the appellant in a justice's court for $50, the value of a certain mule alleged to have been killed by appellant. Judgment by default was rendered against appellant, and on appeal to the circuit court there was a trial by jury and a verdict and judgment against the railway. There were no written pleadings. The trial before the circuit court was *de novo.* Therefore, to give the court jurisdiction, it was necessary for the plaintiff to show that the animal was killed in the county where the court was sitting. The failure to show the venue was fatal to the judgment. Sand. & H. Dig., § 6352; *Little Rock & Fort Smith Railway Company* v. *Clifton,* 38 Ark. 205; *Railway Company* v. *Lindsay,* 55 Ark. 282. *Railway* v. *Lindsay, supra,* was a similar case before the justice's court. No venue was alleged, but in the circuit court, on appeal, the venue was proved. Thus the jurisdiction was shown. But here there was no statement or proof of jurisdiction anywhere. Our statute (Sand. & H. Dig., § 6352) localizes the action to the county where the injury occurred. The court has no jurisdiction of the subject-matter unless the suit was brought in the county where the killing was done. Consent cannot confer jurisdiction of the subject-matter. 1 Black, Judg. § 217. "A defendant cannot, by any act or omission, confer an authority which the law has withheld, but he may well exonerate the plaintiff from adducing evidence that the case is a proper one for the exercise of authority which the law has conferred." *Feild* v. *Dortch,* 34 Ark. 399; *Jacks* v. *Moore,* 33 Ark. 31; *Smith* v. *Clark,* 1 Ark. 63; 1 Smith, Lead. Cas. pt. 2, 8th Ed. pp. 1122, 23, and authorities cited.

Second.    Appellant contends that the proof shows that the St. Louis, Iron Mountain & Southern Railway Company was operating the train which caused the injury, and not the appellant company.    Inasmuch as the cause must be remanded for a new trial for the error indicated *supra,* we deem it unnecessary to pass upon appellant's second proposition.    The proof upon a new trial on this question may be entirely different from the proof here.    It is not conceded in this case that the St. Louis, Iron Mountain & Southern Railway operated appellant's road, as was the case in *Little Rock & Fort Smith Railway Company* v. *Daniels,* 68 Ark. 171.

For the error mentioned, reverse the judgment, and remand the cause for new trial.