St. Louis, Iron Mountain & Southern Railway Co. *v.* Gray.

Opinion delivered April 23, 1904.

Venue—stock-killing—jurisdiction—Under Sandels & Hill's Digest, § 6352, providing that any person having stock killed or wounded by a railroad train may sue for damages in any court having jurisdiction in the county where the killing or wounding occurred, the objection that stock alleged to have been killed was not shown to have been killed in the county where suit was brought goes to the jurisdiction, and may be raised for the first time on appeal.

Appeal from Conway Circuit Court.

William L. Moose, Judge.

Reversed.

*Dodge & Johnson,* for appellant.

The evidence fails to show jurisdiction. 38 Ark. 205; 55 Ark. 283; 70 Ark. 346. It was error not to make H. L. Buford a party plaintiff upon demand of the defendant. 30 Ark. 401; *32 Ark. 304; 36 Ark. 207; 37 Ark. 593; 39 Ark. 413.*

*Chas. C. Reid,* and *F. N. Bruce,* for appellee.

The record shows jurisdiction in the trial court. 67 Ark. 512; 70 Ark. 346; 68 S. W. 153; 29 Ark. 293; 53 Ark. 46; 17 Am. & Eng. Enc. 904, 905, 912. The statute of limitations must be pleaded. 19 Am. & Eng. Enc. Law (2d Ed.), 332; 13 Am. & Eng. Enc. Pl. & Pr. 200, 271. H. L. Buford was not a proper party. Sand. & H. Dig. § 6352; 50 Ark. 169; 57 Ark. 136; 30 Ark. 401; 32 Ark. 297: Sand. & H. Dig. § 5717; 15 Am. & Eng. Enc. Pl. & Pr. 567. The evidence sustains the verdict. 36 Ark. 207; 37 Ark. 593; 39 Ark. 413.

Bunn, C. J. This is a suit for damages in the killing of a horse colt by one of the handcars of the defendant, tried and determined in the Conway circuit court. Judgment by default was rendered, and the company appealed.

Conceding that there is sufficient evidence to sustain the judgment, although the evidence is weak at best, the only remaining question is, whether or not the venue was proved, and this question is raised by the third assignment of errors; that is to say: "The court had no jurisdiction of the case." The jurisdictional facts were alleged in the complaint, but in no very direct way. The failure to show jurisdiction consisted in a failure to prove the venue as required in section 6352, Sandels & Hill's Digest. This section fixes the local jurisdiction of suits for damages in killing live stock in the county where the killing occurred. In the trial of this cause there was no evidence whatever showing the county in which the killing occurred. This case therefore comes under the principle announced in *Little Rock & Ft. Smith Ry. Co.* v. *Jamison,* 70 Ark. 346. The same principle is announced in *L. R. & Ft. S. Ry. Co.* v. *Clifton,* 38 Ark. 205. In all matters pertaining to real estate, the jurisdiction is confined to courts sitting in the county where the real estate is situated, and this court said in *Jacks* v. *Moore,* 33 Ark. 31: "An action for injury to real property must be brought in the county in which the property is situated," and "no consent of parties, express or implied, can give jurisdiction to a court to try a cause."

The question of local or territorial jurisdiction not coming under the head of personal jurisdiction, but of the subject-matter, brings this and similar cases under the rule that consent cannot confer jurisdiction, and the question of jurisdiction can be raised at any time.

The judgment in this case is therefore reversed, and the cause remanded for a new trial.

RIDDICK, J. (dissenting). I differ in some respects from what has been said in the opinion as to the question of jurisdiction presented by this appeal, and, though I do not deem it a matter of much importance, I shall briefly state my reasons for doing so.

It is true that consent cannot confer jurisdiction, but there is nothing here to show that the circuit court did not have jurisdiction. Besides, different rules apply in those cases where the court has no power to adjudicate upon the subject and those where the want of jurisdiction, if it exists, arises only from the fact that the action is local, and has been brought in the wrong county. If this action had been brought in the probate court, no act of the

parties could have affected the question of jurisdiction, for that court has no power to decide such cases. But the circuit court has such power, and, though the action must be brought in the county where the animal was killed, yet, like the proof of any other fact, the defendant may waive proof of the fact that the animal was killed in the county where the action was brought by admitting it. For, though "a defendant cannot by any act or omission confer an authority which the law has withheld, he may well exonerate the plaintiff from adducing evidence that. the case is a proper one for the exercise of an authority which the law has conferred." Part 2 of vol. 1, Smith's Leading Cases (8th Ed.), p. 1122; *Little Rock & Ft. Smith Ry. Co.* v. *Jamison,* 70 Ark. 346.

Now, the complaint in this case is a little indefinite, but both parties say that it alleges that the animal was killed in Conway county, and there is nothing in the evidence to show that this was not true. No objection was made to the jurisdiction of the court during the progress of the trial or in the motion for a new trial filed by defendant. If the defendant had expressly admitted on the trial that the horse was killed in Conway county, we would not have permitted it to withdraw that admission and show to the contrary here. But by going to trial, making no objection in the court below that the action was brought in the wrong county, and by inviting the court below to give judgment on the merits of the case, it has impliedly conceded that the animal was killed in that county, and that the court had jurisdiction to try the case. To allow it to raise that question for the first time in this court, after being defeated below on the merits, would be to allow it to reserve that as a sort of masked battery to be used if occasion required. As the evidence does not show that the court had no jurisdiction, and as both parties tried the case on the theory that the court below did have jurisdiction, it seems to me that it is too late now for that question to be raised, and that it would be bad practice to permit it. *McMinn* v. *Hamilton,* 77 N. C. 300; *Crook* v. *Pitcher,* 61 Md. 510; *Grand Rapids R. Co.* v. *Gray,* 38 Mich. 461; *Field* v. *Dortch,* 34 Ark. 399; part 2, vol. 1, Smith's Leading Cases (8th Ed.), 1122; Elliott, Appellate Proc. § 500; Wells, Jurisdiction, § 86.

This question came before the court in *Railway Co.* v. *Lindsay,* 55 Ark. 282, but Chief Justice Cockrill, after stating the question, said that it was unnecessary to decide it in that case. In the recent case of *Little Rock & Ft. Smith Ry. Co.* v. *Jamison,* 70 Ark. 346, the question came before the court again, but it seems to have been assumed there that the question had already been decided by *Little Rock & Ft. Smith Ry. Co.* v. *Clifton,* 38 Ark. 205, and *Railway Co.* v. *Lindsay, supra,* but a close reading of those cases will show that this is not so.

For this reason, I do not think the question has been well considered by the court in any previous case, and as no rule of property is involved, I do not feel that we are precluded from considering it now, and believe that the objection to the judgment for want of jurisdiction should be overruled.