KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* McGINTY.

Opinion delivered July 22, 1905.

1. REMOVAL—LOCAL ACTION.—A suit against a railroad company to recover damages for personal injuries is not a suit to enforce a lien on real estate, within the rule in *Dick* v. *Foraker*, 155 U. S. 404, holding that a citizen of one State may in such case sue a citizen of another State in the Federal Circuit Court of a third State where the land is situated; nor is such suit, instituted in the State court, subject to removal to the Federal court. (Page 362)

2. SAME—DIVERSITY OF CITIZENSHIP.—In a suit by a citizen of Indian Territory against a citizen of a State there is not such diversity of citizenship as is necessary to give the United States Circuit Court jurisdiction in local actions, a citizen of one of the territories of the United States not being a citizen of a State, within the meaning of the Constitution and the judiciary acts. (Page 362.)

3. SAME—WHEN PETITION FILED TOO LATE.—A petition for removal of a cause to a Federal court which is filed after the time allowed by the statutes of this State for the filing of answers to complaints is too late. (Page 362.)

4. CARRIER—CONTRIBUTORY NEGLIGENCE OF PASSENGER.—A passenger who is injured by the negligence of a carrier cannot recover if his own negligence contributed to produce the injury, unless the carrier, after becoming aware of his negligence, omitted to use a proper degree of care to avoid the consequences thereof. (Page 362.)

5. SAME—WHEN DUTY TO PROTECT PASSENGER.—Notwithstanding the employees of a railroad company are required to keep a lookout, they are not bound to interfere with the acts of a passenger in order to protect him unless there was reason to anticipate that he would be injured without such interference. (Page 363.)

Appeal from Sebastian Circuit Court, Fort Smith District.

STYLES T. ROWE, Judge. .

Reversed.

STATEMENT BY THE COURT.

This action was brought by Ida L. McGinty in her own right and as next friend of Lucretia A. McGinty, Bernice W. McGinty and Lois L. McGinty, against the Kansas City Southern Railway Company to recover judgment for the damages to them caused by the killing of Joseph W. McGinty by the negligent operation of defendant's railway. Ida L. is the widow of the deceased, and Lucretia A., Bernice W. and Lois L. McGinty are minors, and the children of Joseph W. and Ida L. McGinty. The

widow and children are residents and citizens of the Indian Territory, and the defendant is a corporation created and existing by virtue of the laws of the State of Missouri, and operates a railway from the city of Fort Smith, Arkansas, to the town of Spiro, in the Indian Territory, and from thence to the town of Panama, in the same territory, and elsewhere. The action was brought in the Sebastian Circuit Court for the Fort Smith District. Plaintiff alleged in their complaint the foregoing facts and as follows:

"That upon the 9th day of October, 1900, the said Joseph W. McGinty was at the station of Spiro, Indian Territory, and desired to take passage upon the train of the defendant railway company from said station of Spiro to the station of Panama, Indian Territory.

"That the defendant railway company was operating a passenger train from said station of Spiro to the station of Panama, and inviting the public to take passage upon said train, which was what is commonly designated a local freight, and which said local freight carried passengers for hire.

"That the said Joseph W. McGinty went to the station of the defendant railway company at Spiro, Indian Territory, to take passage upon said train to the station of Panama, Indian Territory, at the time when the said train was about to leave said station at Spiro for said station of Panama, and at the usual place of taking passage upon said train, and that he was in the act of embarking thereon as a passenger when the defendant carelessly, negligently and without due regard for the safety of said passenger, caused said train to be suddenly and violently jerked backwards, thereby causing the said Joseph W. McGinty to be thrown under the wheels of said train, whereby he was instantly killed; that the employees of the defendant railway company did see, or by the exercise of ordinary care and caution could have seen, the said Joseph W. McGinty was in the act of taking passage upon said train when said employees caused the same to be violently and suddenly jerked backward.

"That the plaintiff as widow, and the said minor children, have been damaged by the loss of the life of the said husband and father in the sum of $25,000."

The defendant, on September 9, 1901, it being the first day of the Sebastian Circuit Court for the Fort Smith District held

after the commencement of the action, filed a petition and bond, asking for the removal of the action to the United States Circuit Court for the Western District of Arkansas.

The first ground of removal is that the parties are citizens of different States, the plaintiffs being citizens and residents of the Indian Territory, and the defendant a citizen and resident of the State of Missouri, it being organized under the laws of that State; and the second ground is stated as follows in petition: "The property of the defendant against which this action is leveled is located in the county of Sebastian, Fort Smith District, and State of Arkansas, in which county this suit is brought and is now pending. Under the laws of the State of Arkansas, * * * judgment, if obtained, will be a lien on property of the defendant located in the Fort Smith District of Sebastian County. The plaintiffs in their complaint ask for judgment against your petitioner for the sum of $25,000, and also pray other and general relief; and part of the relief to which the plaintiffs are entitled under that prayer is that said judgment, if obtained, can be declared a lien on all the property of your petitioner located in the Fort Smith District of Sebastian County and State of Arkansas. And, therefore, the plaintiffs seek to have judgment declared a lien against defendant's property located in said county and district."

This petition was denied. Thereafter an amended petition was filed, and it, being filed out of time, was also denied; the time to plead or answer plaintiff's complaint allowed by the statutes having expired. The defendant then answered, denying the allegations of the complaint and alleging contributory negligence. Evidence was adduced in the trial of the case which tended to prove the following facts:

On the 9th day of October, 1900, a freight train of the defendant, with caboose attached, in which passengers for hire were carried, stood upon the track at the station of Spiro, in the Indian Territory. The caboose was a little north of the door of the station. The defendant's employees rearranged the train, taking out and putting in cars. When this work was about completed, Joseph W. McGinty approached the caboose, put one foot on its step as if in the act of entering it, and stood with his foot in that position, with the other on the platform, and one hand on

the shoulder of a friend, and so stood for a few minutes talking to the friend; and while he was standing in this position the train was moved back suddenly for the purpose of coupling cars, he was knocked down by the movement, jerked under the train, and killed.

Mrs. Ida L. McGinty was his wife, and the other plaintiffs were his children.

The court gave the following among other instructions, over the objections of the defendant, to the jury:

"12. If the position in which deceased was standing, with one foot on the platform of the station and one foot on the step of the caboose, in any manner contributed to his death, then he was guilty of contributory negligence; and the plaintiffs in that event are not entitled to recover in this action, unless the defendant discovered, or in the exercise of ordinary care and caution ought to have discovered, the dangerous position of deceased, if he was in a dangerous position."

And the defendant asked the following instruction:

"12. If the position in which deceased was standing, with one foot on the platform of the station and one foot on the steps of the caboose, in any manner contributed to his death, then he was guilty of contributory negligence, and the plaintiffs in that event are not entitled to recover in this action." And the court modified it by adding the following words, "unless the defendant discovered, or in the exercise of ordinary care and caution ought to have discovered the dangerous position of deceased, if he was in a dangerous position," and, over the objection of the defendant, gave it as modified.

The attorney for the plaintiffs, in his opening argument before the jury, said:

"And I say to you, gentlemen of the jury, that, even if you should find that Mr. McGinty's position, as described to you by the witness in this case, was the most negligent position on earth, still you should not find for the defendant."

The defendant objected, and plaintiffs' attorney further said: "You did not wait until I had finished. I was going to say further that it was the duty of the employees of the railroad company to warn him. My argument is this. * * * I want the court to hear it. My argument is this: I do not care, for the purposes of

this suit, whether McGinty was guilty of the most negligent act possible in having his hand upon the railing and his foot upon the step; for, under the evidence in this case, and under the instructions of the court, if the employees of the railway company saw him in that position, *or by the exercise of ordinary care could have seen him in that position, then the railroad company should have warned him, and they were guilty of negligence.* I ask the court if there is anything wrong in that argument."

The defendant objected, and the court said: "I think he can argue that." And the defendant excepted.

The plaintiffs recovered judgment, and the defendant appealed.

*S. W. Moore* and *Read & McDonough,* for appellant.

The court erred in overruling the petition as amended for removal to the Federal court. 155 U. S. 404; 67 Ark. 295; 61 Fed. 757; 122 Fed. 588; 123 Fed. 827; 158 U. S. 41; 160 U. S. 77; 119 U. S. 473; 140 U. S. 406; 151 U. S. 685; 121 U. S. 421; 169 U. S. 101; 113 U. S. 595; 68 Fed. 176; 117 Fed. 593; 105 Fed. 530; 92 Fed. 209; 84 Fed. 413; 104 Fed. 929; 69 Fed. 68. The court erred in overruling the motion to quash the service. 11 N. Y. 524; 99 Tex. 107; 78 Tex. 17; 40 Ga. 206; 14 Johns. 134; 17 Ark. 43; 67 Ark. 295; 7 Tenn. 151; 30 U. S. Stat. 497; 148 U. S. 691; 135 U. S. 641; 118 U. S. 375; 4 How. 567; 187 U. S. 294, 553; 138 U. S. 157; 64 Ark. 72; 6 Blackf. 125; 33 Cal. 212; 7 Ind. 519; 34 N. W. 85; 28 Fed. Cas. 397; 5 Wall. 737; 4 Dill. 387, 397; 71 Fed. 576. It was error to permit the plaintiff to testify as to the amount of property deceased had at his death. 57 Ark. 306; 60 Ark. 550. Also to admit the conversation between the deceased and bystanders at the station before the accident. 55 Ark. 248; 47 Ill. App. 484. The court's instruction upon the definition of a passenger was error. Hutch. Car. § 562; 63 Ark. 491; 67 Ark. 53; 51 Conn. 143; Hutch. Car. § 562; 139 Mass. 238; 68 Miss. 643; 52 Am. Rep. 705; 58 Am. & Eng. R. Cas. 4. The court erred in telling the jury that deceased's intoxication must have been the proximate cause of the injury before they could find that he was guilty of contributory negligence. 36 Ark. 371. It was error to instruct the jury that, notwithstanding deceased's negligence, if the defendants failed to exercise ordinary care in avoiding the injury, the plaintiff could recover. 62 Ark.

235; 58 Ark. 397; 60 Ark. 106, 164, 245; 47 Ill. 484; 90 Ill. 586; 46 Ark. 528; 48 Ark. 106; 49 Ark. 277. The instruction governing the measure of damages was error. 60 Ark. 550. The plaintiff was guilty of contributory negligence. 46 Ark. 528; 47 Am. Rep. 266; 36 Ill. App. 327; 40 Ill. App. 461; 84 Me. 203; 96 Mass. 429; 18 Mo. 219; 29 Mo. App. 265; 90 Hun, 419; 64 Vt. 107; 26 Pac. 331; 51 Ill. 495; 175 Pa. St. 122; 42 Pac. 1075; 50 Am. & Eng. R. Cas. 32; Hutch. Car. § 660; 15 So. 876; 33 Md. 542; 63 Miss. 291; 18 Atl. 884; 53 Ark. 117. The question of intoxication should have been submitted to the jury. 31 Am. & Eng. R. Cas. 54. Negligence must be proved. Hutch. Car. § 497.

*James Brizzolara,* for appellant.

There was no ground for removal to the federal court. 166 U. S. 395; 111 U. S. 379; 1 Wheat. 91; 182 U. S. 244; 66 Fed. 372; 1 Foster, Fed. Pr. 38; Dill. Rem. Caus. § 82; Carter, Jur. Fed. Ct. 16; 155 U. S. 404; 148 U. S. 603; 72 Fed. 561; 183 U. S. 185; 167 U. S. 57; 170 U. S. 226; 160 U. S. 430; 176 U. S. 321; 174 U. S. 168; 117 U. S. 505; 175 U. S. 639; Black, Dill. Hem. Caus. § 109; 175 U. S. 581. The amended petition was filed too late. Moore, Rem. Caus. § § 154, 155, 177; Black, Dill. Rem. Caus. § 183; 32 Atl. 398; 117 U. S. 430; 122 U. S. 513; 149 U. S. 617; 71 Ark. 451; 62 Ark. 261; 67 Ark. 299; 62 Ark. 254; 83 Ky. 170; 63 Ia. 70; 65 Ia. 721; 103 U. S. 11; 145 U. S. 59; 168 U. S. 445; 93 Fed. 260; 52 Ark. 385; 64 Ark. 72; 71 Ark. 258. The purchase of a ticket is not necessary to establish the relation of carrier and passenger. 63 Ark. 491; 67 Ark. 47; Sand. & H. Dig. § 6213; 3 Thomp. Neg. § 2638. Freight trains which carry passengers are bound to protect them. 3 Thomp. Neg. § § 2714, 2901; 57 Ark. 287; 1 Fetter, Car. Pas. § 68; 27 Wis. 158; 47 Ill. App. 307; 80 Hun, 174; 70 Ark. 264. There was no error in the third instruction. 47 Atl. 497; 3 Thomp. Neg. § 2873; 2 Rap. & Mack, Dig. Ry. Law, 391, 392; 58 Ga. 461. A passenger is not bound to sit in an immovable position. 3 Thomp. Neg. § 2945; 1 *Id.* 190; 3 *Id.* § § 2930, 2987; 59 N. E. 491. It was the duty of the conductor to use ordinary care in looking after the safety of the passengers. 67 Ark. 531, 47; 65 Ark. 255; 27 Minn. 178; 13 S. E. 454; 147 U. S. 571; 60 Fed. 698; 75 Mo. 185; 86 Mo. 421; 75 Mo. 475; 72 Conn. 362; 75 Fed. 28. The instruction as to the measure of

damages was correct. 60 Ark. 550; Kirby's Dig. § 6217. The instructions upon the questions of contributory negligence were correct. 117 Fed. 127; 147 U. S. 571; 149 U. S. 43; 2 Rap. & M. Ry. Law, 382, 406, 426; 9 Cent. Dig. 1136; 3 Thomp. Neg. § 2830; 49 N. Y. 990; 80 Hun, 491; 20 S W. 990; 41 Fed. 181.

*S. W. Moore* and *Read & McDonough,* for appellant in reply.

Where there is a conflict between the bill of exceptions and the record, the latter controls. 23 Ark. 131; 22 Ark. 365; 17 Ark. 332; 10 Ark. 449; 9 Ark. 133; 24 Ark. 499.

BATTLE, J., (after stating the facts.) The appellant has abandoned the first ground for removal set out in its petition. He has no right to removal on the second ground. *Dick* v. *Foraker,* 155 U. S. 404, cited by him to sustain his petition as to the second ground, does not apply. That was a suit in equity brought by a citizen of Ohio against a citizen of Illinois in the circuit court of the United States for the Eastern District of Arkansas, to remove the cloud from a title of real estate situated in that district. The jurisdiction was sustained upon the ground that the suit was local, and had to be brought in the district where the real estate is situated. That is not the case in the action before us. It is transitory. And there is not that diversity of the citizenship of the parties that is necessary to give the United States Circuit Court jurisdiction in such actions; "a citizen of one of the territories of the United States" not being "a citizen of a State, within the meaning of the Constitution and judiciary acts." *Hooe* v. *Jamison,* 166 U. S. 395; *Mansfield, Coldwater & L. M. Ry. Co.* v. *Swann,* 111 U. S. 379; *Snead* v. *Sellers,* 66 Fed. 37.

The amended petition for removal was filed too late, it being filed after the time allowed by the statutes of this State for the filing of answers to complaints. *Kansas City, Fort Scott & Memphis Railroad Co.* v. *Daughtry,* 138 U. S. 298.

The instructions of the court, and the remarks of counsel, which we have copied herein, are erroneous and prejudicial. "It is well settled that one who is injured by the mere negligence of another cannot recover at law or in equity any compensation for the injury if he, by his own * * * negligence or willful wrong, contributed to produce the injury of which he complains, so that, but for his concurring and co-operating fault, the injury

would not have happened to him; except where the direct cause of his injury is the omission of the other party, after becoming aware of the injured party's negligence, to use a proper degree of care to avoid the consequences of such negligence." This rule applies to passengers as well as to other persons. *Little Rock & Fort Smith Railway Company* v. *Miles,* 40 Ark. 298; *Fordyce* v. *Merrill,* 49 Ark. 277; *Little Rock & Fort Smith Railway Co.* v. *Cavenesse,* 48 Ark. 106; *Little Rock & Fort Smith Railway Co.* v. *Pankhurst,* 36 Ark. 371; *St. Louis, Iron Mountain & Southern Railway Co.* v. *Martin,* 61 Ark. 549.

This court has held that it applies and is in force in cases where the employees of a railroad are required by statute to keep a lookout, and when obedience to the statute would have avoided the result of the contributory negligence. *St. Louis, I. M. & S. Ry. Co.* v. *Leathers,* 62 Ark. 235; *St. Louis Southwestern Ry. Co.* v. *Dingman,* 62 Ark. 245; *St. Louis, I. M. & S. Ry. Co.* v. *Taylor,* 64 Ark. 364.

In *Little Rock Traction & Electric Company* v. *Kimbro,* 75 Ark. 211, this court held that conductor on a street railway, seeing the acts of a passenger on the street car, would not be in duty bound to interfere to protect him, unless he could have reasonably anticipated that he would be injured without such interference. He was not bound to do a useless act, or to interfere unnecessarily with the freedom of the passenger. No such rule was embodied in the instructions of the court, and the remarks of counsel. The facts and principles involved in the two cases are different.

Reversed and remanded for new trial.

HILL, C. J., being disqualified, did not participate.