KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* INGRAM.

Opinion delivered October 15, 1906.

1. RAILROAD—DUTY TO KEEP LOOKOUT FOR STOCK.—In an action against a railroad company operating in this State and in the Indian Territory for stock negligently killed in the Territory, where the "lookout" statute is not in force, it was proper to charge the jury that it was the duty of defendant engineer to keep a lookout for stock upon the track, and to use ordinary care to avoid injury thereto after they were discovered by him or by the use of ordinary care could have been discovered. (Page 270.)

2. SAME—VENUE OF ACTION.—An action against a railroad company for killing stock in Indian Territory is transitory in nature, and may be enforced wherever jurisdiction may be had of the defendant company. (Page 271.)

Appeal from Sebastian Circuit Court; *Styles T. Rowe,* Judge; affirmed.

*Read & McDonough,* for appellant.

1. The court erred in its first instruction. The Arkansas lookout statute was never extended over the Indian Territory; hence at the time of the accident there was no duty incumbent upon the engineer to keep a lookout for stock on the track of the railroad. 49 Ark. 257, and cases cited. Neither would it be the engineer's duty to use ordinary care to discover stock on the track.

2. The demurrer to the jurisdiction, and also defendant's request for a peremptory instruction, should have been sustained. By the laws of this State an action to recover damages for the killing of stock is local, and can only be maintained in the county where the killing occurred. 70 Ark. 346; 80 S. W. 748.

3. The proof totally fails to show any negligence whatever on the part of the defendant.

*J. F. Omelia* and *F. A. Youmans,* for appellee.

1. It is the law in Indian Territory that it is the duty of a railway company to exercise ordinary care and watchfulness to discover domestic animals on its track, and, upon discovering them, to use reasonable efforts to avoid harming. 49 Fed. 351; 54 Fed. 481. Killing or wounding live stock on the track is *prima facie* proof of negligence. 49 Ark. 264. Ordinary prudence and caution require the engineer to promptly blow the whistle, or ring the bell so soon as the danger is discovered. 37 Ark. 593; 39 Ark. 41; 41 Ark. 157. And a railway company is liable for damages resulting from want of due care and diligence. 16 Ark. 308; 36 Ark. 87; 33 Ark. 816.

2. The demurrer to jurisdiction and request for peremptory instruction were properly overruled. · 69 Ark. 664; 141 U. S. 127.

3. The engineer's own testimony shows negligence on his part.

*Read & McDonough,* for appellant in reply.

It is conceded that personal injury suits are transitory actions, but stock cases are local, having been made so by our statute.

HILL, C. J. Appellee had a filly, a mare and a mule killed by appellant company's train in the Indian Territory, and brought suit against appellant for the value thereof at Ft. Smith, Ark., where appellant is also found operating a railway.

1. The court gave this instruction: "It was the duty of defendant's engineer to keep a lookout for stock upon its track, and to use ordinary care to avoid injury to stock after they had been discovered by him, or after he might have discovered them by the use of ordinary care and diligence."

Parts of the law of Arkansas, as found in Mansfield's Digest (1884) thereof, were adopted by Congress as law in the Indian Territory, but the chapter upon railroads was not adopted. The act of 1891 (sec. 6607, Kirby's Digest), known as the "lookout statute," has never become incorporated into the laws of the Indian Territory. It is contended that, as this court held in *Memphis & Little Rock R. Co.* v. *Kerr,* 52 Ark. 162, that it was

not the duty of the engineer to keep a sharp lookout for stock, and in *St. Louis, I. M. & S. Ry. Co.* v. *Monday,* 49 Ark. 257, that it was not the engineer's duty to keep a sharp lookout for persons on the track, in the absence of the "lookout statute" which changed the rule in this State announced in those cases, this instruction is erroneous. This case must be tried by the law of Indian Territory. *St. Louis, I. M. & S. Ry. Co.* v. *Brown,* 67 Ark. 295.

The United States Circuit Court of Appeals for the 8th Circuit is the appellee tribunal for the Indian Territory, and that court refused to follow the Kerr case, and held that it was negligence to fail to keep a lookout for stock on the track. After discussing the Arkansas cases and showing the Kerr case was out of line with previous decisions, and the reason why this duty should be imposed on the operatives of trains, Judge Caldwell, speaking for the court, said:

"We can not yield our assent to the doctrine that an engineer who refuses to look, or is blind, or near sighted, may run his engine over and kill domestic animals *ad libitum,* and without imposing a liability on his company therefor, because he did not see them. It is the duty of the company, under the conditions which exist in this Territory, to exercise ordinary care and watchfulness to discover domestic animals upon its track, and, when they are discovered, to use reasonable efforts to avoid harming them." *Gulf, C. & S. F. Ry. Co.* v. *Washington,* 49 Fed. Rep. 347; *Gulf, C. & S. F. Ry. Co.* v. *Ellis,* 54 Fed. Rep. 481. There was no error in this instruction.

2. It is argued that, as section 6776, Kirby's Digest, as construed in *Little Rock & F. S. Ry. Co.* v. *Clifton,* 38 Ark. 205, *Railway Co.* v. *Lindsay,* 55 Ark. 282; *Little Rock & F. S. Ry. Co.* v. *Jamison,* 70 Ark. 346, and *St. Louis, I. M. & S. Ry. Co.* v. *Gray,* 72 Ark. 376, localizes the action for stock killing to the place of injury, this action, occurring without the State, could not be maintained within the State. This statute merely regulates the bringing of the statutory action created by it for killing and wounding stock in Arkansas, and is made by its terms local to the county where the cause of action arose. It was held in *Little Rock & F. S. Ry. Co.* v. *Clifton,* 38 Ark. 205, that, except for the terms of the statute, the action for killing or injuring

stock was transitory. This is manifestly true. This action is not the statutory action in any sense. It does not grow out of the statute, which is not framed to reach any causes of action other than those arising in Arkansas.

This action depends upon the law of the Indian Territory as to the duty of appellant and its alleged breach of duty in negligently killing appellee's stock. It is personal and transitory in its nature, and may be enforced anywhere that jurisdiction may be had of the appellant company. *St. Louis, I. M. & S. Ry. Co. v. Brown,* 67 Ark. 295; *St. Louis & S. F. Ry. Co. v. Brown,* 62 Ark. 254; *Eureka Springs Ry. v. Timmons,* 51 Ark. 459; *Kansas City So. Ry. Co. v. McGinty,* 76 Ark. 356.

3. It is argued that a peremptory instruction should have been given for want of evidence of negligence. The filly was struck first, the mare 30 or 40 yards beyond her, and the mule 70 or 75 yards beyond the mare. Appellee's evidence showed the tracks of the animals indicated that they had run down the track a quarter of a mile before the first one was struck, and, despite a small curve where the animals went on the track to where they were struck, a person could see either way on the track for a half mile from a point where the first one was struck. McLain, a witness for appellee, said he stepped the distance from where the filly was struck to where an engine approaching from the north could be seen, and it was 537 steps, and that he had observed the light made by a headlight to an engine, and it lighted one-half the track from center to rail at that point, and that the horse tracks were in the center. The engineer said that a man could only see 80 or 100 feet around the curve at this point, and that he was keeping a sharp lookout and saw no stock except one animal just as he struck it; and that the train could be stopped in about 240 feet.

The evidence on behalf of appellee justified the jury in finding the train operatives negligent in keeping a lookout or avoiding injury after discovering the animals. The engineer and fireman told another story, but it was inconsistent with the evidence of appellee and his witness, and it was for the jury to say which was the truth.

The judgment is affirmed.