ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY *v.* CHAPPELL.

Opinion delivered May 20, 1907.

RAILROAD—JOINT USE OF ROADBED—LIABILITY.—A railroad company which permits another company to use its tracks remains liable for injuries to third persons caused by the negligence of employees of the licensee company, to the same extent as if they were its employees upon its own trains, and may be sued therefor without joining the licensee company.

Appeal from Nevada Circuit Court; *Joel D. Conway,* Judge; affirmed.

Action by Chappell & Billingsley against the St. Louis, Iron Mountain & Southern Railway Company. Plaintiffs recovered judgment, and defendant has appealed.

*Tom M. Mehaffy* and *J. E. Williams,* for appellant.

1. There is no primary liability on the part of appellant. If the lumber company had the right to use appellant's switch track, such use amounted to no more than a license or leasehold interest. Both parties should have been made defendants. 68 Ark. 171.

2. The testimony is not legally sufficient to show knowledge or consent on the part of appellant to the use of its sidetracks by the Hardwood engine.

*McRae & Tompkins* and *Ashley Cockrill,* for appellees.

1. The Daniels case, 68 Ark. 171, cited by appellant, is against the weight of authority. 23 Am. & Eng. Enc. of L. (2 Ed.) 784, 785. But that case is not applicable here, because, (1) no lease of any kind is shown; (2) the use of appellant's tracks was not under any legislative authority. 23 Am. & Eng. Enc. of L. (2 Ed.) 776 *et seq.* (3) It is not shown that any

lease was made to a company having authority to accept it. (4) The possession and control of the leased property was not exclusive in the lease. (5) The log road had no interest whatever in the road liable to be affected by the sale of the road.

2. This is a question, not of lessor and lessee, but of licensor and licensee; and since the negligence of the licensee company is the negligence of the proprietary company, appellant in this case is liable for the fire set out by the Hardwood engine running on its track by its permission. Noyes on Inter-Corp. Rel. § 261; Elliott, Railroads, § 477; 97 Fed. 239; 59 Kan. 629; 5 Wall. 104; 22 Ill. 105; 20 Ill. 623; 20 Ill. 385; *id.* 623; 26 Vt. 717; 4 Cush. 400; 49 Ga. 355; 83 S. W. 182; 23 N. W. 123; 14 S. W. 873; 21 Ore. 121; 67 Ark. 389.

HILL, C. J. Appellees owned sixty-five tons of hay, which were stored in a warehouse near the track of appellant railroad in the town of Prescott. It was destroyed by fire, and they sued the appellant railroad company. Their allegation as to negligence was as follows:

"That said fire was caused by large sparks and burning cinders which were negligently and carelessly permitted to escape from the engine which was run or permitted to be run by the defendant on its track and in front of and near said warehouse, where said hay was stored."

The evidence satisfied the trial court that there was nothing to go to the jury as to the fire being caused by an engine of the appellant railroad; but there was sufficient evidence to go to the jury that the fire was caused by an engine run on appellant's track which was owned by a log road, which was permitted to use the Iron Mountain track, and the case went to the jury on that theory. This engine was called the Hardwood engine. It was shown that it had been running on the track of appellant company for nearly a year before the fire, and that it was on the track at the point where the fire occurred several times each day, and that it went on the Iron Mountain track with the permission and under the orders from train dispatchers of the Iron Mountain Company. And that at the time in question the Hardwood engine went upon the track of the Iron Mountain where the fire occurred a short time before it occurred under

orders of the chief dispatcher at Little Rock. This engine was not equipped with a spark arrester, and at the time under inquiry was emitting large sparks. The evidence was sufficient to justify a verdict that the fire was caused by the negligent operation of this engine.

The only question presented is whether the Iron Mountain was responsible for the fire caused by the negligence of the Hardwood engine while upon the Iron Mountain Company tracks under orders and permission from it.

There was no evidence of any lease of the Iron Mountain tracks to the log road.

Judge Noyes in his recent work on Intercorporate Relations says: "Upon the principle that a corporation owing duties to the public can not shift the responsibility for their performance without the consent of the State, a railroad company, permitting another company to use its tracks, remains liable for injuries to third persons—passengers, travellers at crossings and others—caused by the negligence of employees of the latter company in running its trains, to the same extent as if they were its employees upon its own trains. The negligence of the licensee company is the negligence of the proprietary company." Noyes on Intercorporate Relations, 261. Mr. Elliott lays down the same principle as sustained by the weight of authorities. 2 Elliott on Railroads, § 477.

Appellee's counsel cite the court to many cases where the principles above quoted have been applied by different courts, which may be found in the briefs. The argument is made under the Constitution and statutes as construed in *Little Rock & Ft. Smith Ry. Co.* v. *Daniels*, 68 Ark. 171, that the Iron Mountain Company would not be responsible, and that the only liability against it would be against the *corpus* of the property, and in an action to enforce such liability the company causing the injury, as well as the company owning the property, would have to be jointly sued. The Daniels case establishes the doctrine in this State that a railroad company may escape personal liability for injuries caused by negligence by leasing its property and putting the lessee company in possession and control of it, and then the lessee company is personally liable for these injuries. And, in addition to that liability, the *corpus* of the les-

sor company, by virtue of the Constitution and statutes, is also liable, and in an action to enforce liability against the lessor company's property both corporations must be sued, as both have an interest in the road liable to be affected by the sale of it, and both should be made parties for the purpose of giving them an opportunity to protect the same if they can.

There is no lease shown here, and no delivery of possession and control of the Iron Mountain road, or any part of it, to the log road owning the Hardwood engine, and hence the Daniels case does not control.

Mr. Elliott states the proposition presented here as follows: "It is held by the Supreme Court of the United States that a railroad company which permits another to make a joint use of its track is liable to a person injured by the negligence of the company to which the permission is granted [this case was *Railroad Company* v. *Barrow,* 5 Wallace, 90]. In the case to which we refer, the question of the effect of an authorized lease was not considered, and, as we believe, there was no such question in the case. The case of a joint use by two companies is essentially different from a case where the lessor company by an authorized lease parts with possession and control of the road." 2 Elliott on Railroads, § 477. The author then contends that where there has been a lease under the law, and the control and possession of the railroad is turned over to the lessee company, the lessor company should be relieved of liability. This is in conformity to the doctrine of the Daniels case; but, as therein shown, owing to the Constitution and statutes of this State, there is an added liability upon the physical property of the lessor company. In this case it was unnecessary to sue the log road jointly with the Iron Mountain.

The only other question is the sufficiency of the evidence as to the permission of the Iron Mountain company to the log road company owning the Hardwood engine to the use of its tracks. This issue was properly sent to the jury, and the evidence is ample to sustain the finding of the jury that the tracks were used with the permission of the Iron Mountain company.

Judgment is affirmed.